United States District Court
Southern District of Texas
**ENTERED**
September 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| DEBRA FISHBECK, § § Plaintiff, § § v. § § LAVACA COUNTY, TEXAS, CHARLES § KEITH MUDD, EDWARD PUSTKA, § RONALD BERCKENHOFF, NEIL § FRANK BATES, DENNIS KOCIAN, § and MICHAEL FURRH, § § Defendants. § | Civil Action No. 6:22-cv-00002 |

## MEMORANDUM OPINION AND ORDER

This is a wrongful termination case. Plaintiff Debra Fishbeck worked as the Director of the Lavaca County Rescue Service from 1998 until she was fired in 2020 by a vote of the Lavaca County Commissioners Court. Fishbeck suffers from cancer, and she is the sole provider for herself and her husband. Fishbeck believes she was wrongfully terminated without cause because her "personnel file is completely devoid of any behavior that would justify her termination." Instead, she believes that she was fired because of her sex, disability, and age.

Pending before the Court is the Partial Motion to Dismiss filed by the seven Defendants, Lavaca County, Charles Keith Mudd, Edward Pustka, Ronald Berckenhoff, Neil Frank Bates, Dennis Kocian, and Michael Furrh. (Dkt. No. 13). The Defendants argue that all of Fishbeck's state-law tort claims against the Defendants—other than the defamation claim against Furrh—should be dismissed under the Texas Tort Claims Act.

(*Id.* at 4–5). The Defendants do not move for dismissal of Fishbeck's federal claims. (*Id.* at 8). For the following reasons, the Court **GRANTS in part** and **DENIES in part** the Partial Motion to Dismiss.

I.  **BACKGROUND**[1]

Fishbeck worked as the Director of the Lavaca County Rescue Service ("LCRS") from 1998 until she was fired in 2020. (Dkt. No. 10 at ¶¶ 13–14, 17). The Defendants were affiliated with Lavaca County in various capacities when Fishbeck was fired. Judge Mudd was the County Judge and supervised Fishbeck. (*Id.* at ¶¶ 7, 15). Pustka, Berckenhoff, Bates, and Kocian were each Commissioners on the Commissioners' Court, which approved the LCRS budget and operations. (*Id.* at ¶¶ 8–11, 15). And Furrh was Fishbeck's successor as Director of the LCRS. (*Id.* at ¶¶ 12, 14, 32).

Fishbeck asserts that she was fired for unlawful reasons. (*Id.* at ¶¶ 13, 17, 27). While Judge Mudd claimed a change in leadership was "needed," (*id.* at ¶ 18), Fishbeck claims the termination decision was a pretext for sex, disability and age discrimination. (*Id.* at ¶¶ 50, 57, 65). The Defendants did not further explain why they fired Fishbeck until after the Texas Workforce Commission investigated her unemployment claims. (*Id.* at ¶¶ 21–22). Even then, there are no records that support the Defendants' explanations. (*Id.* at ¶¶ 22–26). On the contrary, "her file shows a competent, dedicated" employee who provided "exceptional service to Lavaca County." (*Id.* at ¶ 27).

---

[1] For purposes of this Motion, the Court accepts as true the well-pleaded factual allegations made in Fishbeck's Complaint and views them in the light most favorable to her. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021).

All of this has led Fishbeck to believe that "many, if not all," of the purported reasons for her firing were manufactured after her dismissal. (*Id.* at ¶¶ 25); *see also* (*id.* at 28, 31). The Defendants worked together to replace Fishbeck before she was fired. (*Id.* at ¶ 32). They appointed a woman interim director. (*Id.* at ¶¶ 34–35). Furrh, a younger male who is Fishbeck's permanent replacement, received a higher starting salary than Fishbeck was paid at the time of her termination. (*Id.* at ¶ 36). And Furrh was allowed to hire an assistant, also a younger male, who received a higher salary than Fishbeck. (*Id.* at ¶ 37). Fishbeck's situation is not unique: Judge Mudd previously "terminated two other female employees without notice and without providing any reason." (*Id.* at ¶ 33).

Fishbeck's problems did not end with her firing. According to Fishbeck, Judge Mudd and Furrh "have on several occasions made public comments, provided newspaper interviews, and posted messages to Facebook defaming Ms. Fishbeck's character, her professional competence, and even suggesting that she may have violated federal drug laws as LCRS Director, none of which are true." (*Id.* at ¶ 39).

Fishbeck filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex, disability, and age discrimination. (*Id.* at ¶ 43). On October 27, 2021, she received a Right to Sue letter from the EEOC. (*Id.*); (Dkt. No. 1-1 at 1). She then filed her lawsuit within ninety days—on January 21, 2022. (Dkt. No. 10 at ¶ 45); (Dkt. No. 1).

In her First Amended Complaint—the live pleading—Fishbeck raises seven claims. Five of those claims are under federal law: sex discrimination under Title VII, (Dkt. No. 10 at ¶¶ 46–53); disability discrimination under the Americans with Disabilities

3

Act, (*id.* at ¶¶ 54–61); age discrimination under the Age Discrimination in Employment Act, (*id.* at ¶¶ 62–69); violations of her constitutional rights under 42 U.S.C. § 1983, (*id.* at ¶¶ 70–74); and conspiracy to violate her constitutional rights under 42 U.S.C. § 1985, (*id.* at ¶¶ 75–78). The other two claims, which are the subject of this Motion, are under Texas law: defamation, (*id.* at ¶¶ 79–81), and civil conspiracy, (*id.* at ¶¶ 82–86). Fishbeck is suing Judge Mudd, Pustka, Berckenhoff, Bates, and Kocian in both their official and individual capacities. (*Id.* at ¶¶ 7–11). She sues Furrh only in his individual capacity.[2] (*Id.* at ¶ 12). Fishbeck is also suing Lavaca County. (*Id.* at ¶ 6).

The Defendants move to dismiss the state-law tort claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[3] (Dkt. No. 13). Fishbeck filed a response, (Dkt. No. 18), to which the Defendants have replied. (Dkt. No. 20).

## II. LEGAL STANDARDS FOR RULE 12(B)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "lack of subject matter jurisdiction." When considering a motion to dismiss

---

[2] The Court refers to Judge Mudd, Pustka, Berckenhoff, Bates, Kocian, and Furrh as the "individual defendants."

[3] The Defendants generally cite to both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, without clearly explaining which is the proper vehicle for dismissal. The Court holds that the proper vehicle for considering dismissal of claims barred by the TTCA is Rule 12(b)(1). *See Alvarado v. Tex. Health & Human Services Comm'n*, No. 5:19-CV-0106-JKP, 2019 WL 6876499, at *2 (W.D. Tex. Dec. 17, 2019) (holding that dismissal under Section 101.106(e) of the TTCA implicates the Eleventh Amendment, and "[w]hether the Eleventh Amendment bars a claim due to sovereign immunity raises a jurisdictional challenge."); *Thomas v. State*, 294 F. Supp. 3d 576, 591 n.5 (N.D. Tex. 2018), report and recommendation adopted, No. 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) ("Although the State moves to dismiss under Rule 12(b)(6) for failure to state a claim, Eleventh Amendment immunity has a jurisdictional effect, and 'once a court finds that [it] applies, the barred claims can be dismissed only under Rule 12(b)(1).'") (cleaned up).

4

under Rule 12(b)(1), a court must "accept the complaint's well-pleaded factual allegations as true." *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021). Dismissal for lack of subject-matter jurisdiction is appropriate "when the plaintiff does not plausibly allege all jurisdictional allegations." *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021) (internal quotation marks omitted). "For a 12(b)(1) motion, the general burden is on the party asserting jurisdiction." *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021). "When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court should consider the Rule 12(b)(1) motion 'before addressing any attack on the merits.'" *D&G Holdings, L.L.C. v. Becerra*, 22 F.4th 470, 474 (5th Cir. 2022) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

### III. DISCUSSION

The Defendants move for dismissal under both Rules 12(b)(1) and 12(b)(6). They broadly argue that Fishbeck's defamation and civil conspiracy claims—other than the defamation claim against Furrh—should be dismissed under the Texas Tort Claims Act ("TTCA").[4] (Dkt. No. 13 at ¶ 22). They raise three main arguments in support.[5] First, the Defendants argue that the TTCA's election-of-remedies provision applies. (*Id.* at ¶¶ 19,

---

[4] In their Reply, the Defendants raise certain arguments for the first time including Fishbeck's failure to allege any factual basis for her claim of defamation or civil conspiracy. (Dkt. No. 20 at ¶¶ 7–21). "Reply briefs cannot be used to raise new arguments." *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016). The Court therefore analyzes only the arguments originally presented in the Partial Motion to Dismiss.

[5] The Defendants briefly argue that a federal forum is improper under Section 101.102(a) of the Texas Civil Practice & Remedies Code. (Dkt. No. 13 at ¶¶ 10, 18). The Court need not reach this argument. *But see Hobart v. City of Stafford*, 784 F. Supp. 2d 732, 759 (S.D. Tex. 2011) ("This court has original jurisdiction over Plaintiff's federal claims, and thus has supplemental jurisdiction over their related state law claims under 28 U.S.C. § 1367.").

5

21). Second, the Defendants argue that the TTCA expressly states that intentional torts are exempt from the waiver of immunity. (*Id.* at ¶¶ 16–17). Third, the Defendants argue that the civil conspiracy claim against Furrh must be dismissed because all other individual defendants are immune, and an individual cannot conspire with defendants who are immune from a lawsuit. (*Id.* at ¶ 20). Fishbeck did not respond to all three arguments. Instead, she claims that she did not intend to sue Lavaca County for the defamation and civil conspiracy claims and concedes that those claims are "likely barred by the Texas Torts Claims Act." (Dkt. No. 18 at 3). As to the state-law tort claims against the individual defendants, Fishbeck argues that she "has sufficiently plead facts that, if true, show these Defendants were acting outside of the course and scope of their employment." (*Id.*).

### A. THE ELECTION-OF-REMEDIES PROVISION OF THE TTCA

The Defendants move for dismissal under Sections 101.106(e) and (f) of the TTCA. (Dkt. No. 13 at ¶¶ 11–13, 19, 21). The Court begins with a brief overview of Section 101.106.

Section 101.106 governs "Election of Remedies" under the TTCA. Tex. Civ. Prac. & Rem. Code § 101.106. It is a "jurisdictional statute," *Tex. Tech Univ. Health Scis. Ctr. v. Villagran*, 369 S.W.3d 523, 528 (Tex. App.—Amarillo 2012, pet. denied), that "creates a limited waiver of sovereign immunity." *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009) (citation omitted). As the Fifth Circuit has explained, "a plaintiff who sues under the TTCA must elect pursuant to § 101.106 of that act between suing a governmental unit and suing an employee of that unit." *Bustos v. Martini Club Inc.*, 599

F.3d 458, 462 (5th Cir. 2010).  Section 101.106 applies "to state law intentional tort claims against a governmental unit and its employees." *Id.* at 463.  The purpose of Section 101.106 "was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery."  *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008).

Subsection (e) states: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."  Tex. Civ. Prac. & Rem. Code § 101.106(e).  Under this language, "if a plaintiff brings virtually any state common law tort claim against both a governmental unit and its employees, § 101.106(e) will allow the employee defendants to be dismissed if the governmental unit so moves."  *Gil Ramirez Group, L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 416 (5th Cir. 2015) (internal quotation marks omitted).

Here, Fishbeck's "suit is filed under" the TTCA because Fishbeck seeks relief for intentional torts.  *Quinn v. Guerrero*, 863 F.3d 353, 362 (5th Cir. 2017) ("A suit asserting common law claims against a Texas governmental unit is considered to be under the TTCA." (cleaned up)); *Bustos*, 599 F.3d at 463 (holding "that the election of remedies provisions in § 101.106 apply to state law intentional tort claims against a governmental unit and its employees").  Fishbeck's suit is also filed "against both a governmental unit

7

and any of its employees." *See* Tex. Civ. Prac. & Rem. Code § 101.106(e); (Dkt. No. 10). The TTCA definition of "governmental unit" includes a county. Tex. Civ. Prac. & Rem. Code § 101.001(3)(B). No party contests that Lavaca County is a governmental unit, and the Court agrees. *Harris Cnty., TX v. Cabazos*, 177 S.W.3d 105, 109 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("A county, . . . as a political subdivision of the State, falls within the parameters of the TTCA."). Similarly, the TTCA defines the term "employee." Tex. Civ. Prac. & Rem. Code § 101.001(2). Here too, no party contests that the individual defendants—excluding Furrh—are employees of the county. *See* (Dkt. No. 18 at 3–4 n.2) ("Plaintiff believes Defendants are likely employees for purposes of the TTCA."). The Court has no reason to conclude otherwise.

In addition to fitting within the statutory definitions, the Amended Complaint—both in form and substance—confirms that Fishbeck's suit was filed against both Lavaca County and the individual defendants. (Dkt. No. 10 at 1). Fishbeck disagrees, stating that it was not her intention to sue Lavaca County for defamation and civil conspiracy. (Dkt. No. 18 at 3). Her complaint, however, paints a different picture. The title and introduction include Lavaca County and each of the individual defendants. (Dkt. No. 10 at 1). Both the defamation and civil conspiracy claims incorporate by reference the factual allegations throughout the Amended Complaint. (*Id.* at ¶¶ 79, 82). "Defendants," in turn, are defined as including Lavaca County *and* the individual defendants. (*Id.* at 1). This definition is relevant because Fishbeck's defamation claim states, "Defendants are strictly liable for their defamation of Ms. Fishbeck." (*Id.* at ¶ 80). Similarly, Fishbeck's civil conspiracy claim states, "Fishbeck seeks to hold all Defendants jointly and severally

8

liable" for acting together to wrongfully terminate her. (*Id.* at ¶¶ 83, 86). As these allegations make clear, Fishbeck has sued "a governmental unit and any of its employees." *See* Tex. Civ. Prac. & Rem. Code § 101.106(e).

Because Fishbeck's suit falls under Section 101.106(e), her state-law claims against the individual defendants—other than Furrh—"shall immediately be dismissed." *Bustillos v. El Paso Cnty. Hosp. Dist.*, 891 F.3d 214, 223 (5th Cir. 2018); *accord Self v. City of Mansfield, Texas*, 369 F. Supp. 3d 684, 704 (N.D. Tex. 2019). This includes the state-law claims asserted against the individual defendants—other than Furrh—in their official and individual capacities. *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 401 (Tex. App.—Fort Worth 2008, no pet.); *A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 1007 (S.D. Tex. 2014) (collecting cases). At this point, of the state-law claims pleaded by Fishbeck, only Fishbeck's state-law defamation and civil conspiracy claims against Lavaca County and Furrh, in his individual capacity, remain.[6]

### B. FISHBECK'S INTENTIONAL TORT CLAIMS

The Defendants argue that Section 101.057(b) of the TTCA bars all of Fishbeck's state law intentional tort claims. *See* (Dkt. No. 13 at ¶¶ 16–17). Fishbeck does not respond to this argument. *See* (Dkt. No. 18). The Court agrees in large part with the Defendants.

---

[6] The Defendants also moved to dismiss under Section 101.106(f) of the TTCA. (Dkt. No. 13 at ¶¶ 12–13, 21). Subsection (f) "is inapplicable due to [Fishbeck] suing the governmental unit [(Lavaca County)] in addition to [the Defendants]." *Alvarado*, 2019 WL 6876499 at *5; *see generally Alexander v. Walker*, 435 S.W.3d 789, 790, 57 Tex. Sup. Ct. J. 657 (Tex. 2014) (applying Subsection (f) where plaintiff sues employees but not the governmental entity). Nevertheless, as stated above, the Defendants are entitled to dismissal of Fishbeck's claims against the individual Defendants in their official and individual capacities (minus Fishbeck's claim against Defendant Furrh in his official capacity) under Subsection (e).

9

"Section 101.021(2) of the TTCA 'waives governmental immunity for certain negligent conduct, but does not waive immunity for claims arising out of intentional torts.'" *Aguirre v. City of San Antonio*, 995 F.3d 395, 422 (5th Cir. 2021) (quoting *City of Watauga v. Gordon*, 434 S.W.3d 586, 594 (Tex. 2014)).  In full, Section 101.021 states:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code § 101.021; *see also id.* § 101.022 (waiving immunity for certain premise defects); *id.* § 101.025 (stating that sovereign immunity is waived only "to the extent of liability created by this chapter").  Suits that are brought against a government entity but outside the waiver under the TTCA are prohibited.  *Sherwinski v. Peterson*, 98 F.3d 849, 851–52 (5th Cir. 1996).  The TTCA expressly retains immunity for intentional torts.  Tex. Civ. Prac. & Rem. Code § 101.057(2) ("This chapter does not apply to a claim … arising out of . . . any other intentional tort[.]").

Both of Fishbeck's state-law intentional tort claims, defamation and civil conspiracy, against Lavaca County and the individual defendants in their official

10

capacities are barred by the TTCA. First, none of the claims fall within TTCA's waiver, as they "do not arise from the use of a motor-driven vehicle; do not arise from a condition or use of tangible personal property; and do not arise from a premise defect." *Donohue v. Butts*, 516 S.W.3d 578, 581 (Tex. App.—San Antonio 2017, no pet.) (citing Tex. Civ. Prac. & Rem. Code §§ 101.021–101.022)). Second, Fishbeck's two claims under Texas law, defamation and civil conspiracy, are intentional torts. (Dkt. No. 10 at ¶¶ 79–86). Defamation is an intentional tort, *see Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995) and *Collins v. Ison-Newsome*, 73 S.W.3d 178, 182 (Tex. 2001), as is civil conspiracy, *see Murray v. Earle*, 405 F.3d 278, 294 n.56 (5th Cir. 2005) and *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 617 (Tex. 1996). Thus, both claims are barred by the TTCA. *See Donohue*, 516 S.W.3d at 581. Accordingly, under Section 101.057, the Court must dismiss the defamation and civil conspiracy claims against Lavaca County.[7] *See Alcala v. Tex. Webb Cnty.*, 620 F. Supp. 2d 795, 802 (S.D. Tex. 2009). Now, only the defamation and civil conspiracy claims under state law against Furrh in his individual capacity remain.

### C.  FISHBECK'S CIVIL CONSPIRACY CLAIM AGAINST FURRH

The Defendants also argue that Fishbeck's conspiracy claim against Furrh in his individual capacity must be dismissed.[8] (Dkt. No. 13 at 20). They reason that, because

---

[7]  The Court already dismissed the defamation and civil conspiracy claims against Judge Mudd, Pustka, Berckenhoff, Bates, and Kocian, all in their official capacities. *Supra* III.A. Even so, Section 101.057(b) is an alternative basis that also disposes of those claims.

[8]  The Defendants concede that there is no basis for dismissal of the defamation claim against Furrh in his individual capacity at this stage of the litigation. (Dkt. No. 13 at 21-22) ("This Court should dismiss all of Plaintiff's state tort claims against all Defendants as warranted by the TTCA save for the defamation claim against Defendant Furrh only.").

11

Furrh is the only remaining non-immune defendant, Furrh cannot conspire with himself as a matter of law. (*Id.*). They cite a single case in support: *Firestone Steel Prods. Co.*, 927 S.W.2d at 614. (*Id.*). Fishbeck did not respond. *See* (Dkt. No. 18). The Court is unpersuaded by the Defendants.

The Defendants' only cited case says nothing about the interplay between civil conspiracy and the TTCA's waiver of immunity. Instead, *Firestone* provides merely a definition of civil conspiracy under Texas law: "a civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Firestone Steel Prods. Co.*, 927 S.W.2d at 614. At this stage, the Defendants have not carried their burden for dismissal of Fishbeck's individual-capacity civil conspiracy claim against Furrh.

### D.  LEAVE TO AMEND

In response to the Partial Motion to Dismiss, Fishbeck generally requests leave to amend but provides nothing more in support. (Dkt. No. 18 at 5). A federal district court can deny leave to amend if it is futile. *Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020). Here, even if the Court granted leave to amend, the revised state-law claims would be subject to dismissal under the TTCA because Sections 101.106(e), 101.106(f), and 101.057 would still bar relief. *See, e.g.*, *Chavez v. Alvarado*, 550 F. Supp. 3d 439, 451 (S.D. Tex. 2021) (Section 101.106(e)); *Sinegal v. City of El Paso*, 414 F. Supp. 3d 995, 1010 (W.D. Tex. 2019) (Section 101.057); *Urquidi v. City of Pecos*, No. 4:15-CV-00027-DCG, 2016 WL 4031452, at *6 (W.D. Tex. July 26, 2016) (Sections 101.057 and 101.106(f)). The TTCA is designed to "force a plaintiff to decide at the *outset* whether an employee acted

independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d at 657. Fishbeck does not provide authority or argument to the contrary. Therefore, the Court denies leave to amend.

### IV. CONCLUSION

The Court **GRANTS in part** and **DENIES in part** the Partial Motion to Dismiss. (Dkt. No. 13). The Court **DISMISSES WITH PREDJUDICE** under Rule 12(b)(1) and the Texas Tort Claims Act the state-law defamation and civil conspiracy claims against Lavaca County and the following individual Defendants in their official and individual capacities: Charles Keith Mudd, Edward Pustka, Ronald Berckenhoff, Neil Frank Bates, and Dennis Kocian. Of the challenged claims, only the individual-capacity defamation and civil conspiracy claims against Furrh remain. The federal claims remain. The Court **DENIES** all other requested relief.

It is SO ORDERED.

Signed on September 29, 2022.

                                              **DREW B. TIPTON**
                                            **UNITED STATES DISTRICT JUDGE**